UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY PARISH,

    Plaintiff,

v.    CAUSE NO.: 3:18-CV-291-RLM-MGG

CORIZON HEALTH, et al.,

    Defendants.

OPINION AND ORDER

Anthony Parish, a prisoner without a lawyer, filed a complaint against Corizon Health, Wexford Health, and GEO Group. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Parish alleges that, on October 14, 2016, he fell as he attempted to climb down from his top bunk due to a faulty ladder. As a result of the way he landed, he tore a muscle in the left side of his chest. The regional nursing director denied him an ultrasound even though he was diagnosed with a pectoralis major

tear. Mr. Parish has received no treatment for his injury and has suffered permanent deformity and muscle loss. He seeks an order for appropriate medical treatment and money damages.

Mr. Parish asserts constitutional claims under Section 1983 against Corizon Health, Wexford Health, and GEO Group, which are corporate entities. To pursue a claim under Section 1983 against a corporate entity, a plaintiff must show that his injury was the result of that corporate entity's official policy, practice, or custom. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. Parish does not challenge the policies or practices of any of these corporate entities, so the complaint doesn't state a claim upon which relief can be granted.

Mr. Parish can file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the prison law library. On any amended complaint, he must put the cause number of this case which is on the first page of this order. He must describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant failed to provide appropriate treatment or was responsible for subjecting him to unconstitutional conditions of confinement. This narrative should be organized in numbered paragraphs. He must refer separately to the unknown defendants even if he does not know their names. For instance, if he seeks to bring a claim against two correctional officers and two nurses, he may refer to them as "Unknown Correctional Officer #1," "Unknown Correctional

2

Officer #2," "Unknown Nurse #1," and "Unknown Nurse #2," and should use these names each time he refers to them. Additionally, if Mr. Parish seeks to pursue claims against Wexford Health, Corizon Health, or GEO Group, he must identify the policies or practices that caused medical staff or correctional staff to violate his constitutional rights.

For these reasons, the court GRANTS Anthony Parish until <u>May 29, 2018</u>, to file an amended complaint. If he doesn't respond by that deadline, the case may be dismissed without further notice.

SO ORDERED on May 2, 2018

<u>s/ Robert L. Miller, Jr.</u>
JUDGE
UNITED STATES DISTRICT COURT