UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY PARISH,

    Plaintiff,

v.                           CAUSE NO.: 3:18-CV-291-RLM-MGG

CORIZON HEALTH, et al.,

    Defendants.

## OPINION AND ORDER

Anthony Parish, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Parish alleges that, on October 14, 2016, he fell as he tried to climb down from his top bunk due to a faulty ladder. As a result of the way he landed, he tore a muscle in the left side of his chest. Mr. Parish was diagnosed with a pectoralis major muscle tear, and an ultrasound was recommended, but Ms.

Ivers, the regional nursing director for Corizon Health denied him an ultrasound in January 2017. After this denial, an Unknown Nurse #1 recommended an X-ray, even though X-rays can't diagnose pectoralis major muscle tears. An Executive Assistant of Grievance also denied Mr. Parish an ultrasound. Mr. Parish has received no treatment for his injury and has, he says, suffered permanent deformity and muscle loss. He seeks an injunctive order for appropriate medical treatment and money damages.

Mr. Parish alleges a claim of deliberate indifference to serious medical needs against Ms. Ivers, Unknown Nurse #1, and Executive Assistant of Grievance. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011).

Mr. Parish alleges that Unknown Nurse #1 recommended an X-ray after Ms. Ivers, the regional nursing director, denied the ultrasound request. Considering the sequence of events, this allegation suggests that the X-ray was the nurse's attempt to confirm a diagnosis when an ultrasound was unavailable. Even if that attempt was futile, the allegations about Unknown Nurse #1 don't describe deliberately indifferent conduct. Further, Mr. Parish can't proceed against the Executive Assistant of Grievance because "the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." Owens v. Hinsley, 635 F.3d 950, 953 (7th Cir. 2011).

Finally, though Mr. Parish states a valid deliberate indifference claim against Ms. Ivers, he can't proceed on his request for injunctive relief because he is no longer under the care of Corizon Health. On April 1, 2017, Wexford Medical Services assumed responsibility for providing medical services for the Indiana

3

Department of Correction. Wexford News Release, April 3, 2017, available at http://www.wexfordindiana.com/ news---events.html.

For these reasons, the court:

(1) GRANTS Anthony Parish leave to proceed on a claim against Ms. Ivers in her individual capacity for money damages for acting with deliberate indifference by denying an ultrasound in violation of the Eighth Amendment;

(2) DISMISSES Unknown Nurse #1 and Executive Assistant of Grievance;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Ms. Ivers at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 7) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Ms. Ivers respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claim for which Ms. Ivers has been granted leave to proceed in this order.

SO ORDERED on May 29, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT