UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANTHONY PARISH, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-291-RLM-MGG |
| CORIZON HEALTH, et al., | |
| Defendants. | |

OPINION AND ORDER

Anthony Parish, a prisoner without a lawyer, proceeds on an Eighth Amendment claim against Nurse Lee Ann Ivers for acting with deliberate indifference to a pectoral muscle tear by denying a request for an ultrasound. Nurse Ivers filed this motion for summary judgment, arguing that she wasn't personally involved with Mr. Parish's medical care and didn't deny him an ultrasound.

Nurse Ivers also provided Mr. Parish with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 29. The notice informed Mr. Parish of the importance of filing a response. It advised that, unless he disputed the facts presented by Nurse Ivers, the court could accept those facts as true. It further advised that a lack of response could result in the dismissal of his case. Mr. Parish didn't file a response.

In his amended complaint (ECF 7), Mr. Parish alleges that, on October 14, 2016, he tore a chest muscle by falling from his bunk at the New Castle

Correctional Facility. To assess the injury, Nurse Practitioner Brubaker submitted a request for an ultrasound, but Nurse Ivers denied it. Mr. Parish learned that the request was denied after he transferred to the Miami Correctional Facility.

In a sworn declaration (ECF 22-2), Nurse Ivers attests that she is a registered nurse who worked for Corizon, LLC, as the Regional Director of Nursing in Indiana until March 31, 2017. Her position with Corizon didn't require her to review requests for diagnostic tests, outside medical treatment, or other medical treatment. Further, as a registered nurse, she wasn't qualified to make these types of treatment decision but instead deferred to physicians, physician assistants, and nurse practitioners. She never personally provided medical treatment to Mr. Parish.

Nurse Ivers also submitted medical records that reveal that, on November 3, 2016, Mr. Parish told Nurse Practitioner Brubaker that he suffered chest pain after falling from his bunk. ECF 22-1 at 41-43. She suspected a severely torn chest muscle and submitted a request for an X-ray and an ultrasound. Id. On November 9, Mr. Parish received chest X-rays, but Mr. Parish didn't receive the requested ultrasound for reasons that are not explained in the medical records. Id. at 47; ECF 22-2 at 3-4. On or around December 30, Mr. Parish transferred to the Miami Correctional Facility. ECF 22-1 at 55-61. On January 15, 2017, Dr. Marandet submitted a request for a chest MRI after examining Mr. Parish. Id. at 67-69. On January 18, Dr. Ashihadeh consulted with Dr. Marandet, and, in an email, Dr. Ashihadeh denied the request and recommended physical therapy and

medication. Id. Though Nurse Ivers was copied on the email, she attests that she wasn't involved with the decision and had no authority to override it. Id.; ECF 22-2 at 6.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." Fitzgerald v. Santoro, 707 F.3d 725, 730 (7th Cir. 2013).

Mr. Parish alleges that Nurse Ivers acted with deliberate indifference to his chest muscle tear by denying the request for an ultrasound. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability under the Eighth Amendment, a prisoner must show: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to his medical need. Farmer v.

3

Brennan, 511 U.S. 825, 834 (1994.) A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005).

Deliberate indifference is a high standard, and is "something approaching a total unconcern for a prisoner's welfare in the face of serious risks," or a "conscious, culpable refusal" to prevent harm. Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

According to the undisputed evidence, Nurse Ivers's only connection with Mr. Parish's medical treatment was that she received the email between Dr. Marandet and Dr. Ashihadeh denying the request for an MRI scan. She didn't participate in the decision-making process for the MRI scan, nor was she authorized to override the physicians' decision. The undisputed evidence further indicates that her professional qualifications and position didn't allow her to approve or deny requests for ultrasounds, MRI scans, or any other diagnostic testing. Even if Nurse Ivers's was aware of Mr. Parish's injury, the record doesn't

4

demonstrate that she acted with deliberate indifference to his serious medical needs. The court grants the motion for summary judgment with respect to the Eighth Amendment claim against Nurse Ivers, and there are no remaining claims in this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 21); and

(2) DIRECTS the clerk to enter judgment and to close this case.

SO ORDERED on May 9, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT
